IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Matthew Harris, #157334,<br><br>                    Petitioner,<br><br>    vs.<br><br>Warden Eagleton; and Henry<br>McMaster, Attorney General for<br>South Carolina,<br><br>                    Respondents. | Civil Action No. 6:05-0228-DCN-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

**FACTS PRESENTED**

The record reveals that the petitioner is currently confined in the Evans Correctional Institution of the South Carolina Department of Corrections (SCDC) pursuant to commitment orders from the Lexington County Clerk of Court.  The Lexington County grand jury indicted the petitioner at the April 10, 1989, term of court for murder (89-GS-32-626).  Attorneys Jonathan R. Hendrix and Carolyn B. Steigner originally represented him on the charge.  On April 17-18, 1989, the petitioner received a jury trial before the

Honorable Julius H. Baggett. The jury convicted the petitioner of murder, and Judge Baggett sentenced him to life imprisonment.

The petitioner's original conviction was affirmed on direct appeal by the South Carolina Supreme Court, *see State v. Harris,* 90-MO-175 (S.C. S.Ct., July 2, 1990), but the Honorable Walter J. Bristow, Jr., granted him a new trial in state post-conviction relief based upon trial counsel's failure to request a *King* charge. The petitioner was retried before a jury on July 8-10, 1998. Lexington County Public Defender Elizabeth C. Fullwood and Assistant Public Defender David C. Shea represented him at the retrial. The jury again convicted him of murder, and the Honorable William P. Keesley sentenced him to life imprisonment.

The petitioner timely served and filed a notice of appeal. Assistant Appellate Defender Tara S. Taggart represented the petitioner on appeal. On August 3, 1999, the petitioner filed his final brief of appellant, in which he presented the following issue for review:

> Whether the trial judge erred in refusing to grant a mistrial based on a juror's admitted misconduct in doing legal research and in predetermining to vote with the majority.

The State filed a final brief of respondent on August 5, 1999. Assistant Attorney General Derrick K. McFarland represented the State on appeal. On April 17, 2000, the South Carolina Supreme Court affirmed the petitioner's conviction in a published opinion. *State v. Harris,* Op. No. 25109, 530 S.E.2d 626 (S.C. 2000). A timely petition for rehearing was denied on May 11, 2000, and the South Carolina Supreme Court sent the remittitur to the Lexington County Clerk of Court on the same date.

On October 3, 2000, the petitioner filed a *pro se* post-conviction relief (PCR) application challenging his conviction and sentence. He made the following allegations of ineffective assistance of trial counsel in his application:

2

> (1)    Counsel was ineffective for failure to subpoena an eyewitness to trial, who was present during the crime, and who would have testified in favor of the defense.
>
> (2)    Counsel was ineffective for failure to ask the court for a continuance until arrangements could be made to locate an eyewitness to the crime.
>
> (3)    Counsel was ineffective for conceding Petitioner's guilt during trial.
>
> (4)    Counsel was ineffective for failure to object to the questioning of Petitioner, which improperly forced Petitioner to attack the veracity of other witnesses and resulted in a denial of due process.
>
> (5)    [T]rial counsel [was] ineffective for failure to object when the trial judge commented upon a fact of the case during his charge to the jury, that was suppose[d] to be determined by the jury.
>
> (6)    Counsel was ineffective for failure to object to the improper comments of the prosecution that only served to [bolster] the court's instructions that shifted the burden of proof concerning the malice issue.
>
> (7)    [C]ounsel was ineffective for failure to object to the trial court's jury charge on self defense, which was contrary to State law and error of the court, which denied Petitioner his rights to due process of law and a fair trial.
>
> (8)    [C]ounsel was ineffective for failure to object to the burden shifting jury instructions that violated due process of law.
>
> (9)    [A]ppellate counsel failed to raise a properly preserved issue on the failure to charge the King charge when requested to do so by trial counsel.

The State made its return on September 24, 2000. On February 11, 2002, the Honorable James R. Barber, III, held a hearing at the Lexington County Courthouse. The petitioner was present in court, and attorney Rolf M. Baghdady represented him. Assistant Attorney General Elizabeth R. McMahon represented the State. The only witness at the hearing was lead trial counsel at the retrial, Ms. Fullwood. The petitioner amended his application at the

3

hearing to add an allegation that trial counsel was ineffective for failing to present the petitioner's brother as a defense witness.

On December 26, 2001, Judge Barber filed an order of dismissal, in which he denied relief and dismissed the application with prejudice. The order addressed only the merits of the allegation that was added and argued at the PCR hearing regarding trial counsel's failure to present the petitioner's brother as a defense witness. The PCR judge found that the petitioner waived all other allegations by failing to present any evidence to support them. A timely notice of appeal was served and filed.

Assistant Appellate Defender Aileen P. Clare represented the petitioner in collateral appellate proceedings.[1] On February 10, 2003, the petitioner filed a petition for writ of certiorari, in which he presented the following question for review by the South Carolina Supreme Court:

> Did the lower court err by finding that trial counsel was not ineffective for failing to present the known testimony of a favorable witness?

The State filed a return to petition for writ of certiorari on June 26, 2003. The South Carolina Supreme Court filed an order on December 3, 2003, in which it granted certiorari and directed the parties to file the appendix and briefs in accordance with Rule 227(l), SCACR. The petitioner filed his brief addressing the issue on January 5, 2004, and the state filed its brief on May 5, 2004. The South Carolina Supreme Court filed an unpublished order on November 22, 2004, in which it dismissed certiorari as improvidently

---

[1] On December 16, 2002, Ms. Clare submitted a Motion for Appointment of Outside Counsel, which was predicated upon the fact that the petitioner had asserted a claim that appellate counsel, Ms. Taggart, was ineffective in his PCR Application, and Ms. Taggart was still employed by the South Carolina Office of Appellate Defense. By way of a December 23, 2002 letter, the State took no position on this request. The South Carolina Supreme Court denied the motion in an unpublished order dated January 24, 2003. The court found that the petitioner had failed to preserve the issue of ineffective assistance of appellate counsel because he failed to raise the issue at the PCR hearing, it was not ruled on by the PCR judge, and the petitioner did not make a Rule 59(e), SCRCivP, motion.

granted.  The South Carolina Supreme Court sent the remittitur to the Lexington County Clerk of Court on December 9, 2004.

In his petition now before this court, the petitioner makes the following allegations (verbatim):

> **GROUND ONE:**     Ineffective assistance of counsel
>
> (A)     counsel was ineffective For failure to subponea an eye witness To Trial, who was present during The crime, and who would Have Testified in favor of The defense.
>
> (B)     counsel was ineffective for failure To ask The court for a continuance until arrangments could Be made To locate an eyewitness To The crime
>
> (C)     counsel was ineffective For conceding petitioner's guilt during Trial
>
> (D)     counsel was ineffective for failure To object To The questioning of Petitioner, which improperly Forced Petitioner To Attack The varacity of other witnesses and resulted in a denial of due Process.
>
> (E)     counsel was ineffective for failure To object when The Trial Judge commented apon a fact of The case during his charge To The Jury, That was suppose To be determined by The Jury.
>
> (F)     counsel was ineffective for failure To object To The improper malice instructions of The court, That shifted The burden of Proof.
>
> (G)     counsel was ineffective for failure To object To The improper comments of The Prosecution That only served to boster 'l'he courts instructions That shifted The burden of Proof concerning The malice issue.
>
> (H)     counsel was ineffective for failure To object To The burden shifting Jury instructions That violated due Process of law.
>
> (J)     Petitioner was denied The effective assistance of Appellate counsel, and due Process of law, when appellate counsel failed To raise a Properly Preserved issue on The

5

> failure To charge The "King charge" when requested To do so
> by The Trial counsel.

On July 12, 2005, the respondents filed a motion for summary judgment. By order of this court filed July 14, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary dismissal procedure and the possible consequences if he failed to respond adequately. The petitioner filed his opposition to the motion on July 22, 2005. On July 25, 2005, the petitioner filed a motion to remand the case to state court and a motion to stay. The respondents filed their opposition to the motion to remand and to stay on August 4, 2005. The petition filed his reply to the respondents' response on August 11, 2005.

## UNDERLYING FACTS

According to the trial testimony, at approximately 11:30 p.m. on September 8, 1988, Jeffrey Bass stopped by the house of his friends, Hayne Harris, Hayne's wife Barbara, and Hayne's brother Matthew (the petitioner in this case). Hayne, Barbara, and the petitioner had already finished one case of beer and had started a second when Bass arrived. Bass joined in the beer drinking, and the four sat and socialized for awhile in the kitchen near the back door. Eventually, a dispute arose between Bass and the petitioner over a drill the petitioner apparently took from Bass. Bass never threatened the petitioner that night and the dispute never became heated.

At some point, the petitioner left the room for an extended period of time. Hayne left to look for his brother and came back, but the petitioner did not return. Bass finally decided to go home. When he reached the back door to exit, Hayne called his name. When Bass turned around to face Hayne, the petitioner rushed through the back door from outside and ambushed Bass. The petitioner, who was carrying a baseball bat, hit Bass in the back of the head with the bat. As Bass staggered, he was hit at least one more time.

Bass died as a result of a blow to the top of the head which split his scalp open. Barbara gave the petitioner a blanket to wrap Bass' body in, and the petitioner took the body to a nearby dumpster where it was disposed. The petitioner and Hayne cleaned the kitchen to remove traces of blood.

A few days after the murder, Barbara Harris went to a friend's house to do laundry. Barbara ultimately told her friend, who happened to be a correctional officer, about the murder of Jeffrey Bass. Her friend contacted law enforcement, and Barbara told police about the murder. After the petitioner's arrest, he indicated he wanted to cooperate and agreed to show police where he placed the body. Initially, the petitioner led police to several incorrect sites before taking them to the dumpster. The dumpster had been emptied, and the body was eventually recovered from the county landfill.

## **APPLICABLE LAW**

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant

> shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Title 28, U.S.C., Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## **ANALYSIS**

In ground one(A), the petitioner alleges that his trial counsel was ineffective for failing to present his brother, an eyewitness who had testified in the first trial, as a witness in the second trial. Claims of ineffective assistance of counsel are governed by the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner "must show that counsel's performance was deficient." *Id.* at 687. To prove

8

deficiency, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Second, the petitioner must show that the deficient performance actually prejudiced him. Review of counsel's performance is "highly deferential." *Id.* at 689. In addition, competency is measured against what an objectively reasonable attorney would have done under the circumstances. *See id.* at 687-88. Counsel are afforded a strong presumption that their performance was within the broad range of professionally competent assistance. *See id*. at 689.

As set forth above, the PCR court considered only this allegation and found that the petitioner's testimony was not credible. The PCR court noted that the petitioner presented no probative evidence that trial counsel did not perform her investigative duties to the best of her ability to locate his brother and, in addition, the court noted that the petitioner's brother was not present at the PCR hearing. The court further found that the petitioner presented no probative evidence that his trial counsel failed to perform under objectively reasonable standards or that her actions prejudiced him. The South Carolina Supreme Court ultimately dismissed certiorari as improvidently granted.

The state courts' denial of relief on this allegation did not result in a decision that was "contrary to, or involved an unreasonable application of" clearly established federal law as determined by the United States Supreme Court, nor did the denial of relief result "in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

Trial counsel testified that she attempted to locate the petitioner's brother through two persons. She further testified that if the witness had been available, she would have presented him to the trial court. However, she also testified that the witness' testimony merely restated the petitioner's version of the facts (app. 801-802). Even assuming that trial counsel could have requested that the witness' prior testimony from the first trial be admitted in the petitioner's second trial by establishing his unavailability, the

9

petitioner failed to establish how he was prejudiced from this allegedly ineffective performance. As noted by the respondents, there is no evidence that the lack of the witness' testimony prejudiced the outcome of his second trial. Notably, he was convicted of murder in his first trial, at which his brother testified. Further, the petitioner did not present his brother at the PCR hearing. As argued by the respondents, it is pure speculation to assume that the petitioner's brother would have testified at all in the second trial, much less favorably to the defense. Because the PCR court's rejection of the ineffective assistance of counsel ground for relief did not result in an unreasonable application of *Strickland* and was not based upon an unreasonable determination of facts in light of the state court record, this ground for relief is without merit.

The petitioner presented grounds one(B)-(J) in state court, but the PCR judge addressed only ground one(A) in the order of dismissal. The PCR judge stated in the order that the petitioner failed to present any evidence regarding the other allegations and, therefore, the court found that he waived such allegations and failed to meet his burden of proof regarding them. The petitioner did not move to alter or amend the judgment, and ground one(A) was the only issue raised on certiorari to the South Carolina Supreme Court. As noted by the respondents, the petitioner does not have any state court remedies available to him because any future PCR application would be barred as successive and untimely (resp. brief 9). A federal court is precluded from hearing a procedurally defaulted claim unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice." *Matthews v. Evatt*, 105 F.3d 907, 916 (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)). The petitioner cannot meet this "demanding burden." *See Townes v. Murray*, 68 F.3d 840, 847 (4th Cir. 1995). The petitioner raised these allegations in state PCR and could have preserved them for appellate review on certiorari. Further, he has not shown prejudice, nor has he

demonstrated that the failure to consider these claims will result in a fundamental miscarriage of justice. Accordingly, federal habeas review of grounds one(B)-(J) is barred.

The petitioner has filed a "motion for summary remand and stay of habeas." As argued by the respondents in their opposition to this motion, it is clear that any state PCR application would be barred by the statute of limitations governing PCR applications. *See* S.C. Code Ann. §17-27-45(A). Further, the PCR application would be successive. Accordingly, it does not appear that the petitioner has any state court remedies available to him, and the motion should be denied.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, this court recommends that the petitioner's motion for remand and stay be denied, the respondents' motion for summary judgment be granted, and the petition be dismissed with prejudice.

s/William M. Catoe
United States Magistrate Judge

December 22, 2005

Greenville, South Carolina

11